CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 16 2018

JULIA C. DUDLEY, CLERK
BY: /s/ _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| BILLY JOE ELDRIDGE, | ) | Civil Action No. 7:17-cv-00533 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| SWVRJA, | ) | By: Hon. Michael F. Urbanski |
| Defendant. | ) | Chief United States District Judge |

Billy Joel Eldridge, a Virginia inmate proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983 naming the Southwest Virginia Regional Jail Authority ("SWVRJA") as the sole defendant. This matter is before the court for screening pursuant to 28 U.S.C. § 1915A.

The court must dismiss the complaint because it fails to state a claim upon which relief may be granted. Although Plaintiff names the SWVRJA as the sole defendant, he has not alleged how its customs or policies caused a constitutional violation. See, e.g., Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). Instead, Plaintiff complains that a correctional officer "stomped" on his ankle and that his shower shoes are too big. Furthermore, the SWVRJA cannot be liable under § 1983 via the theory of respondeat superior. See id.

To the extent Plaintiff may be able to state a claim, Plaintiff is granted ten days to file a motion to amend the complaint that states a claim upon which relief may be granted against a person acting under color of state law. See, e.g., Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978). Plaintiff may find it preferable to take longer than ten days to consult legal resources, think about his allegations, and file a new complaint in a new and separate action. If Plaintiff chooses not to file the motion within ten days, the case will be closed without prejudice, and Plaintiff would not be prejudiced because he is allowed to file a complaint in a new and separate

action at the time of his choice subject to the applicable limitations period. See, e.g., Owens v. Okure, 488 U.S. 235, 249-50 (1989); Va. Code § 8.01-243(A).

If Plaintiff instead rushes and chooses to seek an amendment in this case, he should know that the court may dismiss the amended complaint <u>with</u> prejudice as frivolous or for failing to state a claim upon which relief may be granted and assess a "strike." Plaintiff should understand that he is allowed only three "strikes" from both complaints in district courts and appeals in courts of appeals before he is no longer allowed to proceed in forma pauperis without prepaying the $400 filing fee absent certain conditions. Congress created this "three-strikes" rule as an economic incentive for prisoners to "stop and think" before filing a complaint. See, e.g., Rogers v. Bluhm, No. 1:07cv1177, 2007 U.S. Dist. LEXIS 91646, 2007 WL 440187, at *1 (W.D. Mich. Dec. 13, 2007).

ENTER: This 15 day of February, 2018.

/s/ Michael F. Urbanski
Chief United States District Judge